Donato R. LALLA, Plaintiff–Appellant,

v.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant–Appellee.

No. 01–7742.

United States Court of Appeals, Second Circuit.

April 10, 2002.

Donato R. Lalla, Thornwood, NY, for Appellant, pro se.

David J. Reilly (Mary Schuette, Jonathan A. Fields, on the brief), New York, NY, for Appellee.

PRESENT: FEINBERG, OAKES, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Donato R. Lalla, pro se, sued Defendant–Appellee Consolidated Edison Company of New York, Inc. ("Con Ed"), alleging that Con Ed terminated his employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and New York State antidiscrimination law. Mr. Lalla appeals from the judgment of the United States District Court for the Southern District of New York (Harold Baer, Jr., Judge), granting summary judgment to Con Ed and dismissing Mr. Lalla's complaint.

We review de novo a district court's order granting summary judgment. *See Smith v. Xerox Corp.*, 196 F.3d 358, 364 (2d Cir.1999). We must determine whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was

702

entitled to judgment as a matter of law. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir.1995).

Here, the District Court correctly concluded that the essential functions of Mr. Lalla's position at Con Ed included on-site inspection and other work on electric lines, and that Con Ed therefore was not obligated, under the ADA, to permit Mr. Lalla to work from home so as to accommodate his disability. *See, e.g., Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 140 (2d Cir. 1995) ("an employer is not required to accommodate an individual with a disability by eliminating essential functions from the job"); *cf. Jackan v. New York State Dep't of Labor*, 205 F.3d 562, 566–68 (2d Cir.) (indicating that ADA plaintiff bears burden of production and persuasion regarding the existence of a reasonable accommodation—in *Jackan*, an appropriate vacancy), *cert. denied*, 531 U.S. 931, 121 S.Ct. 314, 148 L.Ed.2d 251 (2000). Moreover, as the District Court noted and as our independent review of the record reveals, Mr. Lalla did not identify an existing vacant job at Con Ed for which he was qualified and that could be performed from home. Con Ed also was entitled to summary judgment on Mr. Lalla's ADEA claim, which was supported only by conclusory allegations of discrimination. Lastly, the District Court properly dismissed Mr. Lalla's state law claims for essentially the same reasons that it dismissed his federal claims. Accordingly, for substantially the reasons set forth in the District Court's opinion and order, *see Lalla v. Consol. Edison Co. of New York, Inc.*, 00 Civ. 6260, 2001 WL 456248 (S.D.N.Y. Apr.30, 2001), the judgment of the District Court is AFFIRMED.